RATTET PASTERNAK, LLP
Proposed Attorneys for the Debtors
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak, Esq.
Julie Cvek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

ROMA 380 EQUITIES CORPORATION,     Chapter 11
                                   Case No. 11-

            Debtor.
------------------------------------------------------------------X
In re:

185 COLUMBUS EQUITY CORP.,         Chapter 11
                                   Case No. 11-

            Debtor.
------------------------------------------------------------------X

### DECLARATION OF DAVID RUGGERIO PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

DAVID RUGGERIO hereby declares the following:

1. I am the president and a shareholder of each of Roma 380 Equities Corporation ("Roma") and 185 Columbus Equity Corp. ("185")(collectively, the "Debtors"). As such, I am familiar with the Debtors' respective operations, businesses and financial affairs.

2. I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules").

3. Part I of this Affidavit describes the Debtors' respective businesses and circumstances leading to the commencement of these chapter 11 cases. Part II provides information required by Local Bankruptcy Rule 1007-2.

## PART I

## BACKGROUND

4. The Debtors are commonly owned corporations with the same shareholders and officers. Roma is the holder of a nonresidential commercial lease for the demised restaurant premises known as *Bomboloni* located at 187 Columbus Avenue, New York 10023. *Bomboloni* is owned by a separate non-debtor corporation which has the same shareholders and officers as Roma. 185 is the holder of a nonresidential commercial lease and liquor license for the demised restaurant premises known as *Jalapeno* located at 185 Columbus Avenue, New York 10023. *Jalapeno* is owned by a separate non-debtor corporation which has the same shareholders and officers as 185.

5. Therefore, each of the Debtor's primary asset is the nonresidential lease and leasehold improvements for each of the underlying demised restaurant premises. They neither own nor operate the underlying restaurants or any of the restaurant related assets.

6. In addition, the 2 nonresidential leases are for contiguous properties and with the same landlord, Aimco Columbus Ave., LLC Lexington-Oxford Associates, LP and Tujunga Gardens LP (the "Landlord").

7. The underlying restaurants, which are the sole source of the Debtors' revenues for the payment of rent to the Landlord, are still in their formative stages, having commenced the build out of their respective premises in December 2008 for Roma and December 2009 for 185,

respectively. Each of the demised premises are in connected/contiguous residential buildings, which caused the material underestimation by management of the annual real estate taxes that would have to be paid in connection with the leases.

8. Adding to the delay and complication in the openings were problems directly caused by the Landlord. With respect to the delay in getting *Bomboloni* opened, a 4 to 5 month delay was caused directly due to 2 major work stop orders issued by NYC Dept. of Buildings against the Landlord. With respect to the delay in getting *Jalapeno* opened, one of the Landlord's prior commercial tenants had a significant fire which caused destruction of some of the supports for the premises, which supports had to be replaced by 185 despite being the responsibility of the Landlord. In addition, it was discovered by Con Edison that the same prior tenant had illegally tapped into the power grid operated on premises, which caused Con Edison to lock down both Roma's and 185's access to utilities and resulted in a 6 week further delay for Roma and 3 month further delay for 185! The Landlord has yet to compensate the Debtors for these delay damages to date.

9. Moreover, the 2 restaurants have only in the past few months began to realize profitability and cash flow stability.

10. As a result of these prior setbacks, the Debtors each accumulated rent arrears to the landlord in the amount of approximately $100,000 each. The Debtor attempted on numerous occasions to repay the arrears over a reasonable period of time; however, the Landlord has imposed strict and short repayment terms that the Debtors, despite the underlying restaurants' current profitability, are unable to repay on the Landlord's short repayment terms without additional working capital, loans or future profits.

11. The Debtors believe that if they are permitted a reasonable opportunity to

reorganize their affairs, the underlying restaurants' continued operations and hopeful increase in revenues and profits will permit them to either raise additional capital or accumulate sufficient monies to cure and assume the leases in accordance with the Bankruptcy Code.

12. The Debtors' shareholders, who have already invested significant monies into the restaurants, stand committed to the Debtors and their reorganization efforts.

13. The Debtors are confident that Chapter 11 will enable them to obtain some breathing room and afford them the time to repay their obligaiotns ot the Landlord in full and begin to realize the priofts they anticipate. The Debtors intend to take advantage of current and future revenues thereby enabling them to fund a plan of reorganization, and successfully emerge from bankruptcy within the time contraints imposed under the Bankruptcy Code for small business debtors.

## PART II

## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007

14. In addition to the foregoing, Local Bankruptcy Rule 1007-4 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(1)**

15. The Debtors hold nonresidential real property leases for restaurants. The Debtors' bankruptcy was precipitated by a combination of operating losses by the underlying restaurants, which losses have been recently reversed, and underestimation of real estate tax obligations to the Landlord.

**Local Rule 1007-2(a)(2)**

16. These cases were not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention

and Consumer Protection Act of 2005. No trustee or committee has been appointed herein.

**Local Rule 1007-2(a)(3)**

17. Upon information and belief, no committee was organized prior to the order for relief in these Chapter 11 cases.

**Local Rule 1007-2(a)(4)**

18. A list of the names and addresses of the Debtors' respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting under 11 U.S.C. Section 702; those who were employees of the Debtors at the Filing Date, and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

19. A list of the names and addresses of the Debtors' respective five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

20. Summaries of the Debtors' assets and liabilities are annexed as **Schedule III**.

**Local Rule 1007-2(2)(7)**

21. There are no publicly held securities of the Debtors. A list of equity interest holders in the Debtors is annexed hereto as **Schedule IV**.

**Local Rule 1007-2(2)(8)**

22. None of the Debtors' property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

23. The Debtors Roma's offices are located at 187 Columbus Avenue, New York 10023, New York and 185's offices are located at 185 Columbus Avenue, New York, New York

10023.

**Local Rule 1007-2(a)(10)**

24. The Debtors' substantial assets as well as its books and records are located at its offices (as described above).

25. The Debtors do not own any assets outside the territorial limits of the United States.

**Local Rule 1007-2(a)(11)**

26. Pending actions or proceedings against the Debtors or their property are annexed hereto as **Schedule V.**

**Local Rule 1007-2(a)(12)**

27. The senior management of the Debtors consists of David Ruggerio as president of each of the Debtors.

**Local Rule 1007-2(b)(1)**

28. The estimated payroll to the employees of the Debtors, exclusive of managers, officers and directors, for the thirty (30) day period following the filing of the chapter 11 petition is $0, which sum is inclusive of all payroll taxes, wage and union related benefits.

**Local Rule 1007-2(b)(2)**

29. The estimated amount to be paid by the Debtors for services to their managers, officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**Local Rule 1007-2(b)(3)**

30. The estimated schedule of cash receipts and disbursements for the thirty (30) day

period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule VI**.

31. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 14, 2011

_____
DAVID RUGGERIO

## Schedule I

### List of Debtors' 20 Largest Unsecured Creditors

Aimco NY (Landlord)                $155,000 (combined)
50 East 42nd Street
New York, NY 10017

# Schedule II

## List of Debtors' 5 Largest Secured Creditors

NONE

## Schedule III

## Balance Sheets

**See Attached**

# ROMA 380 EQUITIES CORPORATION
## Balance Sheet as of September 30, 2011

Assets:
    Leasehold Interest and Improvements:    $219,596
    Security Deposit:    $44,250
    **Total:**    **$263,846**

Liabilities:
    Rent Arrears:    $85,000
    **Total:**    **$85,000**

# 185 COLUMBUS EQUITY CORP.
## Balance Sheet as of September 30, 2011

Assets:
| | |
|---|---|
| Leasehold Interest and Improvements | $229,780 |
| Liquor License | Unknown |
| Security Deposit: | $34,300 |
| **Total:** | **$264,080** |

Liabilities:
| | |
|---|---|
| Rent Arrears: | $70,000 |
| **Total:** | **$70,000** |

## Schedule IV

## Schedule of Equity Interest Holders

Roma 380 Equities Corporation:
Shareholders:
David Ruggerio – 46%
Norman Shaiman – 25%
Robert Ross – 15%
Lawrence Cornack – 6%
Michael Ross – 5%
Glen Young – 3%

185 Columbus Equity Corp.
Shareholders:
David Ruggerio – 61%
Norman Shaiman – 15%
Robert Ross – 3%
Lawrence Cornack – 6%
Michael Ross – 12%
Glen Young – 3%

## Schedule V

### List of Lawsuits

NONE

**Schedule VI**

**Projections**

**See attached**

# ROMA 380 EQUITIES CORPORATION
## 30 Day Operating Budget
### (Cash Basis)

**Receipts/Collections**

    Sublease Rental Income From Bombolini    $29,858.60

Total Receipts/Collections    $29,858.60

**Disbursements/Payments**

| | |
|---|---|
| Rent | $19,058.60 |
| Insurance | $1500 |
| RE Taxes | $6500 |
| Utilities | $1900 |
| Water | $900 |

Total Disbursements    $29,858.60

# 185 COLUMBUS EQUITY CORP.
## 30 Day Operating Budget
### (Cash Basis)

**Receipts/Collections**
   Sublease Rental Income From Jalapeno     $27,214.36

Total Receipts/Collections     $27,214.36

**Disbursements/Payments**
| | |
|---|---|
| Rent | $19,214.36 |
| Insurance | $1800 |
| Utilities | $2200 |
| Water | $900 |
| RE Taxes | $3100 |

Total Disbursements     $27,214.36